UNITED STATES EXPRESS CO. *v.* HEMMINGWAY, Treasurer, *et al.*

PACIFIC EXPRESS CO. *v.* SAME.

(*Circuit Court, S. D. Mississippi.* May 25, 1889.)

1. CONSTITUTIONAL LAW—EXPRESS COMPANIES—TAX.
    Act Leg. Miss., imposing a tax on express companies doing business in the state, is void as to all interstate transportation, being in violation of Const. U. S. art. 1, § 8, par. 3, exclusively confiding regulation of interstate commerce to congress, but valid as to all business to be exclusively performed within the state.
2. SAME—INJUNCTION.
    A levy of such a tax on a company doing both a local and interstate business, will be enjoined until a separation between the two kinds of business can be made.

In Equity. Application for injunction.
*R. V. Booth* and *M. Marshall*, for complainant.
*T. M. Miller*, Atty. Gen., for defendants.

HILL, J. This is an application on behalf of the United States Express Company for an injunction to restrain the defendants, who claim the right to do so by virtue of their offices as treasurer and auditor of the state of Mississippi, from collecting the privilege tax of $3,000, levied upon it by authority of an act of the legislature of the state of Mississippi for doing business in this state as an express company, which, it is alleged in the bill, is unconstitutional and void, being repugnant to paragraph 3, § 8, art. 1, of the constitution of the United States. The bill, in substance, alleges that it is an unincorporated, joint-stock association, organized and doing business under the laws of the state of New York, in which state it is located, and has its principal place of business; that it has been for some time past, and still is, engaged in carrying on a general express business, consisting in receiving and transporting from one state to another, by rapid transit, by railroad, and other conveyances for hire, gold, silver, and other valuable articles of many kinds, requiring great care and safe and speedy delivery, and which constitutes an important artery of commerce between the states, the regulation of which is by paragraph 3, § 8, art. 1, exclusively confided to the congress of the United States; that the defendants, as treasurer and auditor of public accounts of the state of Mississippi, under the authority of an act of the legislature of the state, imposing an annual tax of $3,000 upon express companies doing business in this state, for the privilege of doing such business, and imposing severe and heavy penalties against any express company for doing business in the state without first paying said tax, are about to enforce the payment thereof from complainant, and will do so unless enjoined and restrained therefrom by the order and decree of this court.

The question now to be decided is as to whether or not this tax is a tax upon commerce between the states, and repugnant to the constitution of the United States, as set forth in the bill. It has been so repeatedly held by the supreme court of the United States that any tax imposed by a state upon commerce passing from one state into another is in violation of the constitution of the United States, and void, that reference to these decisions is unnecessary; the last decision on this question being *Leloup* v. *Port of Mobile*, 127 U. S. 640, 8 Sup. Ct. Rep. 1380, and in which reference is made to a large number of decisions, commencing with the *Freight Tax Case*, in 15 Wall. 232. That was a tax on a telegraph company, but there is no substantial difference between a telegraph company and an express company in this particular. It is held in these cases that a tax for the privilege of doing business in a state is a tax on the business in the state, and if the business is one of the agencies in carrying on the commerce between the states, it is an interference with the commerce between the states, the regulation of which is exclusively confided to the congress of the United States, and that such

interference is prohibited by the constitution of the United States. The purpose and business of express companies is to transport gold, silver, and articles of great value, and those requiring the most speedy and safe transit from one state to another, and for which the express companies receive extra compensation, and are strictly liable. I suppose there is scarcely an exception to this rule to be found, so that the tax imposed on the complainant, with all other express companies doing business in the state, is in part, if not mainly, for the privilege of doing the express business in relation to this interstate transportation, and, so far as it relates to that portion of the business of the complainant, is by all these decisions unconstitutional and void. It is held that when the tax is for the privilege of carrying on the transportation exclusively within the state, it is not repugnant to the constitution, and that, when the portion not embraced in the transportation from one state into another can be separated, then only the interstate transportation will be held void, the other valid. Under the decisions referred to in which it was decided that when a separation could be made between the interstate and the purely local business, that which was interstate was enjoined, and all must be enjoined in this case until the separation can be made, if such a separation is possible. The decision relied upon by the attorney general for the state is the case of *Osborne* v. *Mobile*, 16 Wall. 479. I am satisfied that this case is virtually overruled by the case of *Leloup* v. *Port of Mobile*, 127 U. S.. 640, 8 Sup. Ct. Rep. 1380. The result is that upon the complainant's entering into bond with one or more sureties in the sum of $4,000, payable to the defendants, and conditioned for the payment of such sum as the court may decree to be paid in case the injunction shall be dissolved, to be approved by the clerk of this court, the writ of injunction will be issued as prayed for in the bill. The same order will be made in the case of the Pacific Express Company against the same defendants, submitted with this case, and being dependent on the same facts.